IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHYNELL PEARSALL** | : | **CIVIL ACTION** |
| *Plaintiff pro se* | : | |
| | : | |
| v. | : | NO. 22-CV-2143 |
| | : | |
| **EXPERIAN, LLC**, *et al.*, | : | |
| *Defendants* | : | |

**M E M O R A N D U M**

NITZA QUIÑONES ALEJANDRO, J.                                                                                       JANUARY 11, 2023

      Plaintiff Shynell Pearsall filed this *pro se* action against Experian, LLC, Equifax, LLC, and Transunion, LLC, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA").  Currently, before the Court is Pearsall's Complaint.[1]  ("Compl." (ECF No. 2)).  For the reasons set forth, Pearsall will be permitted to proceed with her claims against only Transunion and Equifax, and her claims against Experian will be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Pearsall will be granted the option to file an amended complaint or proceed only on those claims that survive statutory screening.

---

[1]     The Court previously granted Pearsall leave to proceed *in forma pauperis*.  (*See* ECF No. 6.)  The Court notes that, although the Complaint was not signed, as required by Federal Rules of Civil Procedure 11, Pearsall signed and filed a Declaration with her original signature to cure this deficiency.  (*See* ECF No. 5.)

I.   **FACTUAL ALLEGATIONS**[2]

Pearsall alleges that she is a consumer, and that in or about 2020, she sent a written dispute to "Defendant"[3] challenging the completeness and accuracy of the following tradelines:

>Comenity Bank/Caesars Account Number 41277777XXXX
>Capital One Account Number 51780585XXXX
>Police and Fire FCU Account Numbers 76398601XXXX and 425589825522XXXX
>Bank of America Account Number 636002150514XXXX
>JPMorgan Chase Bank Account Number 464018205789XXXX
>Midland Credit Management Account Number 30535XXXX

(Compl. at 2.) Pearsall avers that "Defendant negligently and/or willfully failed to follow reasonable procedures to assure maximum accuracy of the date [sic] in consumer reports concerning Plaintiff" and failed to "investigate, delete, or modify the disputed information, and provide a response" within thirty days of receipt of the dispute. (*Id.*) Pearsall claims to have suffered personal and financial damages, (*id.*), and seeks an award of money damages. (*Id.* at 3.)

Attached to Pearsall's Complaint as Exhibit A are credit reports corresponding to the tradelines referenced in the Complaint. (ECF No. 2-1 at 2-8.) The reports uniformly describe the Account Status as "Derogatory" and the Payment Status as "Collection/Chargeoff" or "Late." (*See id.*) Attached to the Complaint as Exhibit B are two letters from Pearsall, one addressed to Equifax Information Services, LLC and one addressed to Transunion. (*Id.* at 10, 11.) The content of the letters is identical. (*See id.*) In the letters, Pearsall advises the recipients that they are reporting inaccurate and/or incomplete information about her and that as a result, she has experienced distress and financial harm. (*Id.*) She identifies the tradelines referenced in her Complaint as containing inaccurate information and relates that the information is incorrect because she is "not

---

[2]   The allegations set forth in this Memorandum are taken from Pearsall's Complaint and the exhibits thereto. (ECF No. 2.) The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

[3]   Though she asserts claims against all three credit reporting agencies, Pearsall refers to a single Defendant throughout her Complaint.

legally obligated to pay for the alleged deficiency claim." (*Id.*)  She requests that the recipients delete the referenced tradelines and provide Pearsall with an updated credit report. (*Id.*)  She also requests that any recipient of the negative information be advised that the referenced tradelines were deleted from Pearsall's credit report. (*Id.*)  She asks that, if the recipient determines that the negative information is correct, that they describe the method used to verify the information. (*Id.*)  Pearsall also requests that the recipient describe the procedures used to determine the accuracy and completeness of information included in her credit report, and identify the furnishers contacted.  Finally, referring to the recipient's failure to "have reasonable procedures in place to assure maximum accuracy and completeness of the information that you include in your consumer reports," she asks that she be provided the opportunity to review for accuracy any consumer information to be included in her credit report before it is included. (*Id.*)

## II.   STANDARD OF REVIEW

Pearsall was previously granted leave to proceed *in forma pauperis* and her Complaint is, therefore, subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  This provision requires courts to dismiss a complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations

do not suffice. *Iqbal*, 556 U.S. at 678. As Pearsall is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011); *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.   DISCUSSION**

The Court understand Pearsall to be asserting claims under §§ 1681e(b) and 1681i(a) of the FCRA. The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))). In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

Consumer reporting agencies are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To state a claim under this section, a plaintiff must plead the following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused


by the inclusion of the inaccurate entry.  *Cortez*, 617 F.3d at 708 (citing *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).

The FCRA also "confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007).  In that regard, if a consumer disputes the completeness or accuracy of information contained in her file, the credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate."  15 U.S.C. § 1681i(a)(1)(A).  To establish that a consumer reporting agency is liable for failing to reinvestigate a dispute under that provision, the consumer must establish that the consumer reporting agency had a duty to do so, and that it would have discovered a discrepancy had it undertaken a reasonable investigation.  *Cortez*, 617 F.3d at 713 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)).

"Generally speaking, a consumer reporting agency does not violate the FCRA's requirement that it 'follow reasonable procedures to assure maximum possible accuracy' of credit reports or to 'reinvestigate' consumer disputes of information if the information that it reports is factually accurate." *Williams v. Experian Info. Sols., Inc.*, No. 14-8115, 2016 WL 3466089, at *3 (D.N.J. June 21, 2016); *see also Angino v. Trans Union LLC*, 784 F. App'x 67, 69 (3d Cir. 2019) ("To prevail under [a § 1681e(b) claim or a § 1681i(a) claim], the . . . [plaintiffs] must show that their credit report contains inaccurate information."); *Covington v. Equifax Info. Servs., Inc.*, No. 18-15640, 2019 WL 4254375, at *4 (D.N.J. Sept. 9, 2019) ("As with § 1681e(b) claims, '[a] claim under 1681i will . . . fail if the consumer cannot show that the information in his or her file was inaccurate.") (citations omitted, alterations in original).  "A report is inaccurate when it is 'patently incorrect' or when it is 'misleading in such a way and to such an extent that it can be expected to [have an] adverse[ ]' effect." *Schweitzer v. Equifax Info. Sols. LLC*, 441 F. App'x 896, 902 (3d

Cir. 2011) (*per curiam*) (alterations in original) (citing *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001)).

### 1.   *Claims Against Transunion and Equifax*

The Court understands Pearsall to be asserting a claim based on the Defendants' failure to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).  The Complaint, read with the Exhibits thereto, alleges that the referenced tradelines in Pearsall's credit report included inaccurate information because they reflected that Pearsall had failed to make payments that Pearsall claims she was not obligated to make.  Pearsall also includes in her letters allegations that the inaccurate information was included as a result of the Defendants' failure to follow reasonable procedures to assure maximum possible accuracy.  Pearsall further alleges that she suffered personal and financial damages as a result of the Defendants' inclusion of the inaccurate information in her credit report.  These allegations state a plausible claim.

The Court also understands Pearsall to be claiming that the Defendants, having received notice that she was disputing information contained in her credit report, failed to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A).  With respect to this claim, the Complaint, read with the Exhibits thereto, alleges that Pearsall disputed the accuracy of the information included in the referenced tradelines in letters to the Defendants.  Her letters specifically, if broadly, challenge the accuracy of the information contained in the tradelines, and she explains that the information was incorrect because she was "not legally obligated to pay for the alleged deficiency claim." (ECF 2-1 at 10, 11.)  She alleges that the Defendants did not perform any investigation in response to her letter nor did Defendants provide a response to her letter, as requested. (*See* Compl. at 2.)  These allegations also state a

plausible claim. Pearsall's claims against Transunion and Equifax will be served for a responsive pleading.

### 2. *Claims Against Experian*

Pearsall included Experian as a Defendant in the caption of her Complaint and attached to the Complaint credit reporting information that reflects the information Experian provided, which is similar to the information provided by Transunion and Equifax. She did not include a letter sent to Experian with her Exhibits and did not include any allegations in her Complaint explaining why the information provided by Experian was inaccurate. Pearsall does not provide any facts describing how she disputed any allegedly inaccurate information with Experian or describe what actions Experian failed to take with respect to reinvestigating any allegedly inaccurate information. Accordingly, Pearsall has not stated a plausible claim for relief against Experian. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"); *Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) (allegations that defendant failed to "'fully and properly investigate' the matter" were conclusory and did not state a claim); *Anyaegbunam v. ARS Acct. Resol., LLC*, No. 21-13409, 2022 WL 1558474, at *3 (D.N.J. May 17, 2022) (dismissing complaint that merely set forth threadbare allegations and a formulaic recitation of the statutory elements of plaintiff's FCRA claims). However, because the Court cannot say with certainty that Pearsall can never state plausible FCRA claims against Experian, she will be granted leave to amend her claims, if she so chooses.

### IV. CONCLUSION

For the reasons stated, the Court will grant Pearsall leave to proceed *in forma pauperis*. Pearsall will be permitted to proceed with her claims against Transunion and Equifax, and her claims against Experian will be dismissed without prejudice pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii).  Pearsall will be granted the option either to file an amended complaint or proceed only on those claims that survive statutory screening.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  An appropriate Order follows.


*NITZA QUIÑONES ALEJANDRO, J.*